IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ESTATE OF J.C. PAYNE, IV,

    PLAINTIFF

VS.                                                  CAUSE NO.: _____

CITY OF MEMPHIS, TENNESSEE;
EARNEST CARTWRIGHT, SR. and
MEMPHIS LIGHT GAS & WATER
AKA MLGW and JOHN DOE POLICE
OFFICERS 1-10,

    DEFENDANTS.

**COMPLAINT FOR DAMAGES**
**JURY TRIAL DEMANDED**

COMES NOW, the Plaintiff, the Estate of J.C. Payne, IV, by and through undersigned Counsel, filing this *Complaint for Damages* and in support thereof, would show this Honorable Court the following, to-wit:

**I.    INTRODUCTION**

1. This is an action against Defendants for federal constitutional violations and state law personal injuries suffered by Plaintiff as a result of their unlawful detention while Defendants acted under color of state law. Plaintiff brings this action for compensatory damages under 42 U.S.C. § 1983 because Defendants jointly and/or severally deprived Plaintiff of his federally-protected civil liberties and privileges to be free from unreasonable excessive force, to be free from unlawful search and seizure, to be free from arrest without just cause, and to be free to assemble freely. U.S. CONST. amends. I, IV, XIV.

2. As a direct consequence of the policies, practices, and procedures of the City of Memphis

1

and Memphis Light Gas & Water AKA MLGW (hereinafter collectively "Defendant City"), Plaintiff was intentionally deprived of his constitutional rights guaranteed by the Fourth, First, and Fourteenth Amendments to the United States Constitution. Defendant Earnest Cartwright, Sr. and Defendant John Doe Police Officers (collectively "Defendant City Employees")[1], police officers and/or Memphis Light Gas & Water (hereinafter MLGW) employee acting within the course and scope of their employment with the City of Memphis and/or MLGW, and acting under color of state law, unjustifiably used excessive and unreasonable force, retaliated against Plaintiff's exercise of his right to speak freely, failed to intervene, and falsely arrested Plaintiff without probable cause and under circumstances where no reasonable governmental employee would have done so. Under well-established law on the above violations, Defendants are not entitled to qualified or other immunity for these actions.

## II. JURISDICTION AND VENUE

3.      This action is brought pursuant to 42 U.S.C. § 1983 and § 1988 and the First, Fourth, and Fourteenth Amendment to the United States Constitution, made applicable to Defendants through the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction over Plaintiff's claim under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C. § 1343(a)(3) (civil rights). This Court further has jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367 (supplemental jurisdiction) as those claims form part of the same case or controversy under Article III of the United States Constitution.

---

[1] The true names and capacities of Defendant Officers are currently unknown to Plaintiff who therefore sues these Defendants by assumed names. However, Defendant Officers are believed to be individual officers of MPD. Plaintiff is informed and believes, and thereon alleges, that each of the Defendant Officers violated Plaintiff's federal constitutional rights or is otherwise legally responsible in some other actionable manner for the events and happenings referred to in this Complaint, and that Plaintiff's injuries and damages as alleged in this Complaint were caused by that violation or wrongful conduct. Plaintiff will amend this Complaint and state the true names and/or capacities of Defendant Officers when they have been ascertained.

4. Venue is proper under 28 U.S.C. § 1391(b) because Defendant City is deemed to reside in any judicial district in which it is subject to the Court's personal jurisdiction with respect to the civil action in question; Defendant City Employees are employees of Defendant City who acted in their official capacity or under color of legal authority; and all events, actions, and injuries giving rise to this claim occurred within the Western District of Tennessee.

### III. PARTIES

5. Plaintiff, J.C. Payne, IV, is an adult citizen of Shelby County, Tennessee, who resides in Memphis, Shelby County, Tennessee.

6. Defendant City of Memphis is a municipality, duly incorporated under the laws of the State of Tennessee within the United States District for the Western District of Tennessee and, as such, is a political subdivision of the State of Tennessee. Amongst its many functions, the City of Memphis operates and maintains a law enforcement agency known as the Memphis Police Department (hereinafter "MPD"). The City of Memphis is under a duty to operate its police activities in a lawful manner to preserve the peace and dignity of the City of Memphis and the rights, privileges, and immunities guaranteed and secured to its residents and visitors pursuant to the Constitution and the laws of the State of Tennessee. The City of Memphis may be served with process through Mayor Jim Strickland at Memphis City Hall, 125 North Main Street, Room 700, Memphis, Tennessee 38103.

7. Defendant MLGW is a municipality, duly incorporated under the laws of the State of Tennessee within the United States District for the Western District of Tennessee and, as such, is a political subdivision of the State of Tennessee. Amongst its many functions, MLGW operates and maintains a utility agency known as the Memphis Light Gas & Water. MLGW is under a duty to operate its utility activities in a lawful manner to preserve the peace and dignity of MLGW and

the rights, privileges, and immunities guaranteed and secured to its residents and visitors pursuant to the Constitution and the laws of the State of Tennessee. Memphis Light Gas & Water may be served with process through J.T. Young at 245 South Main Street, Memphis, Tennessee 38103.

8. Defendant Earnest Cartwright, Sr. (hereinafter "Defendant Cartwright") is an individual employed in Memphis, Shelby County, Tennessee. The acts and omissions complained of herein arise from the conduct of Defendant Cartwright while he was acting under color of state law, and each act and omission was committed pursuant to Defendant Cartwright's employment and authority as a utility worker with MLGW. Defendant Cartwright may be served with process at 245 South Main Street, Memphis, Tennessee 38103.

9. Defendant John Doe Police Officers 1-10 (hereinafter "Defendant Officers") are employed in Memphis, Shelby County, Tennessee. The acts and omissions complained of herein arise from the conduct of Defendant Officers while he was acting under color of state law, and each act and omission was committed pursuant to Defendant Officers' employment and authority as a police officer with the City of Memphis, Tennessee. Defendant Officers may be served with process at Memphis Police Department, 949 E. H. Crump Boulevard, Memphis, Tennessee.

## IV. FACTS

10. On or about September 24, 2020, Plaintiff was visiting friends at a home in the 4000 block of Michael Road when he was attacked by Earnest Cartwright, Sr. with a blunt object.

11. The attack from Defendant Cartwright was unprovoked, unreasonable and unnecessary.

12. Plaintiff was beaten to the point where his face was bloody, and he was unable to fight back.

13. Plaintiff was laying on the ground unconscious at the time the Defendant Officers arrived.

14. The Defendant Officers placed the Plaintiff in handcuffs based solely upon the statements

of Defendant Cartwright.

15. The Defendant Officers handcuffed the Plaintiff and laid him face down while he was unconscious.

16. The Memphis Fire Department arrived and transported the Plaintiff to Methodist South Hospital.

17. The Plaintiff died being beaten with the blunt object, then being placed face down on the ground in handcuffs.

## V. CIVIL RIGHTS CLAIM

18. Plaintiffs' reallege paragraphs 1 through 17 of this Complaint and incorporate them herein by reference.

19. The Civil Rights Act, codified as 42 U.S.C. § 1983, provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

20. Plaintiff allege that Defendants, jointly and/or severally, deprived him of his Fourth and First Amendment rights, and those rights, privileges, and immunities secured by the Fifth and Eighth Amendments to the Constitution as incorporated and applied to the states through the Fourteenth Amendment. Defendants violated Plaintiff's rights in the following ways:

    A. By falsely arresting Plaintiff in violation of the Fourth Amendment and its reasonableness standard to be free from unreasonable, unlawful search and seizure, when no probable cause existed to make an arrest;

    B. By using their badge, uniform, and authority invested by MPD to arrest Plaintiff in direct retaliation against Plaintiff's exercise of their rights to freedom of speech and assembly in violation of the First Amendment.

    C. By using excessive force when detaining Plaintiff;

      D.     By failing to intervene while companion Defendant City and Defendant Cartwright violated Plaintiff's constitutional rights.

      E.     By failing to provide supervision and/or proper training to prevent such incidents of excessive force, First Amendment retaliatory conduct, and false arrest.

Defendants' violations of Plaintiff's constitutional rights resulted in him suffering and were a direct cause of his injuries.

### A. CLAIM ONE: 42 U.S.C. § 1983 — PEACE OFFICER LIABILITY

#### 1. False Arrest

21.    Plaintiff realleges paragraphs 1 through 20 of this Complaint and incorporates them herein by reference.

22.    Plaintiff brings this claim against Defendant Cartwright and Defendant Officers, pursuant to 42 U.S.C. § 1983 and for punitive damages.

23.    At all material times, Defendant Officers and Defendant Cartwright were acting under color of state law as agents and employees of Defendant City and Defendant MLGW. Defendant Officers and Defendant Cartwright wore their official MPD uniforms and/or MLGW uniform and were acting within the course and scope of their duties as Memphis Police Officers and/or MLGW employee at all times relevant during this cause of action.

24.    Plaintiff demonstrates how Defendant Officers and Defendant Cartwright violated his federal constitutional rights and civil liberties guaranteed by the Fourth and Fourteenth Amendments by falsely arresting him.

25.    Defendant Officers and/or Defendant Cartwright unlawfully acted under the color of state law to deprive Plaintiff of his Fourth Amendment right to be free from unlawful seizure by arresting Plaintiff without a warrant, without witnessing a criminal act, and without probable cause

to believe a crime had occurred or was about to occur.

26. No reasonable officer, considering the facts and circumstances within Defendant Officers' knowledge, would have believed Plaintiff had committed or was committing a criminal offense.

27. Defendant Officers and Defendant Cartwright used and abused their badges and their authority bestowed by MPD to interfere with Plaintiff's liberty without reasonable and just cause in violation of the Fourth Amendment.

28. Defendant Officers lacked probable cause to arrest Plaintiff based on the surrounding circumstances of his arrest.

29. At the time of the incident, there were no outstanding warrants for Plaintiff's arrest.

30. As a direct and proximate cause of this false arrest, Plaintiff suffered federal civil liberty violations, public humiliation, physical injury, medical expenses, lost wages, and mental and emotional distress and death.

## 2. First Amendment Retaliation

31. Plaintiff realleges paragraphs 1 through 30 of this Complaint and incorporates them herein by reference.

32. Plaintiff brings this claim against Defendant Cartwright and Defendant Officers pursuant to 42 U.S.C. § 1983 and for punitive damages.

33. At all material times, Defendant Officers and Defendant Cartwright were acting under color of state law as agents and employees of Defendant City and Defendant MLGW. Defendant City and Defendant Cartwright wore their official uniforms and were acting within the course and scope of their job duties at all times relevant to this cause of action.

34. Defendant Officers and Defendant Cartwright retaliated against Plaintiff for visiting with friends, in a situation in which he and had not committed any crime.

35. Plaintiff was visiting with female friends at the location on Michael Road, Defendant

Cartwright became angered after seeing the interaction between them and attacked the Plaintiff.

36. As a direct and proximate cause of Defendant Cartwright's retaliation, Plaintiff suffered federal civil liberty violations, fatal injuries, public humiliation, physical injury, medical expenses, lost wages, and mental and emotional distress and death.

### 3. Excessive Force

37. Plaintiff realleges paragraphs 1 through 36 of this Complaint and incorporates them herein by reference.

38. Plaintiff brings this claim against Defendant Cartwright and Defendant Officers pursuant to 42 U.S.C. § 1983 and for punitive damages.

39. At all material times, Defendant Officers and Defendant Cartwright were acting under color of state law as agents and employees of Defendant City of Memphis and/or Defendant MLGW. Defendant Officers and/or Defendant Cartwright wore their official uniforms and were acting within the course and scope of their duties as Memphis Police Officers and/or MLGW employees at all times relevant to this cause of action.

40. Plaintiff asserts Defendant Officers and/or Defendant Cartwright violated his federal constitutional guarantees of the Fourth Amendment, incorporated to the states by the Fourteenth Amendment, to be free from excessive force.

41. Force is excessive, and therefore violates the Fourth Amendment, if it is not reasonable in light of the circumstances facing the officer. *See Graham v. Connor*, 490 U.S. 386, 398 ( 1989). The facts and circumstances of this case show that Defendant Officers' act of arresting an unconscious and bleeding Plaintiff was excessive and unreasonable.

42. The facts and circumstances of this case show that Defendant Cartwright's act of beating Plaintiff to unconsciousness was excessive and unreasonable.

43. At the time of the incident, Defendant Officers and/or Defendant Cartwright had no reason

to believe Plaintiff was armed or dangerous.

44.     At the time of the incident, Defendant Officers and/or Defendant Cartwright had no reason to believe Plaintiff was armed or dangerous.

45.     Plaintiff made no violent movements towards Defendant Officers and/or Defendant Cartwright or any other person that could be interpreted as threating.

46.     Plaintiff made no verbal threats to Defendant Officers and/or Defendant Cartwright or any other person.

47.     Plaintiff did not commit a criminal act in Defendant Officers' and/or Defendant Cartwright's presence warranting arrest.

48.     Defendant Officers did not have probable cause to arrest Plaintiff.

49.     As a result of Defendant Officers' and Defendant Cartwright's actions, Plaintiff was transported to Methodist South Hospital.

50.     Plaintiff was transported from the scene of the incident to Methodist South Hospital by Memphis Fire Department Ambulance Services.

51.     Plaintiff died soon upon arrival at Methodist South Hospital due to Defendant Officers' and Defendant Cartwright's excessive force.

52.     Defendant Officers' and Defendant Cartwright's actions were unreasonable and unwarranted under the circumstances when comparing or balancing the amount of force used against the need for the force under the current circumstances.

53.     Therefore, by using subjectively and objectively unreasonable force while acting under color of state law, Defendant Officers and Defendant Cartwright violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

54.     As a direct and proximate cause of Defendant Officers' and Defendant Cartwright's

excessive force, Plaintiff suffered federal civil liberty violations, public humiliation, physical injury, medical expenses, lost wages, and mental and emotional distress and death.

### 4. <u>Failure to Intervene – Defendant Cartwright and Defendant Officers, Respectively</u>

55. Plaintiff realleges paragraphs 1 through 54 of this Complaint and incorporates them herein by reference.

56. Plaintiff brings this claim against Defendant Cartwright and Defendant Officers, individually as well as in their official capacity, pursuant to 42 U.S.C. § 1983 and for punitive damages.

57. At all material times, Defendant Officers and Defendant Cartwright were acting under color of state law as agents and employees of Defendant City of Memphis and Defendant MLGW. Defendant Officers and Defendant Cartwright wore their official uniforms and were acting within the course and scope of their duties as Memphis Police Officers and/or MLGW employee at all times relevant to this cause of action.

58. Plaintiff asserts Defendant Officers and/or Defendant Cartwright violated his federal constitutional guarantees of the Fourth Amendment, incorporated to the states by the Fourteenth Amendment, and his Substantive Due Process rights by failing to intervene as companion officers.

59. Officers have a duty to protect individuals from constitutional violations by fellow officers. Therefore, an officer who witnesses a fellow officer violating an individual's constitutional rights is liable to the victim for failing to intervene.

60. Defendant Officers and/or Defendant Cartwright failed to protect Plaintiff from a danger they proactively created and aggravated. Specifically, Defendant Officers immediately began violating Plaintiff's right to be free from unlawful search and seizure when they disregard the fact that the Plaintiff was beaten to the point of being covered in blood and unconscious, and arrested

Plaintiff.

61.     Defendant Officers aggressively and unreasonably handcuffed the Plaintiff while he was on the ground unconscious and bleeding profusely. Their actions were unnecessary and excessive in light of the circumstances surrounding the incident.

62.     Defendant Cartwright aggressively and unreasonably beat the unarmed Plaintiff with a blunt object while he laid defenseless on the ground. Their actions were unnecessary and excessive in light of the circumstances surrounding the incident.

63.     Defendant Officers' and Defendant Cartwright's actions and inactions were egregious and arbitrary.

64.     Further, Plaintiff was subjected and sustained substantial injury to his body and died as direct cause of Defendant Officers' and Defendant Cartwright's conduct.

65.     Defendant Officers failed to prevent one another from causing or placing Plaintiff in direct and an unreasonable risk of harm, further violating his federal civil liberties.

66.     Defendant Officers and Defendant Cartwright had reason to know that a constitutional violation had been committed by the others, and Defendant Officers had a realistic opportunity to intervene to prevent the risk of harm from occurring.

67.     Defendant Officers also shared a law enforcement association where each respectively understood the policies and procedures in detaining and/or arresting a suspect and that such policies and procedures that would immediately violate an individual's constitutional rights if not complied with.

68.     As a direct and proximate cause of Defendant Officers' and/or Defendant Cartwright's actions and inactions, Plaintiff suffered federal civil liberty violations, public humiliation, physical injury, medical expenses, lost wages, and mental and emotional distress and death.

## B.  CLAIM TWO: 42 U.S.C. § 1983 — MUNICIPAL LIABILITY

69. Plaintiff realleges paragraphs 1 through 68 of this Complaint and incorporate them herein by reference.

70. Plaintiff asserts that his constitutional rights were violated when Defendant Officers and/or Defendant Cartwright falsely arrested Plaintiff, retaliated against Plaintiff's use of his First Amendment right to freely assemble, used excessive force to execute said arrest, and each City employee respectively failed to intervene as he witnessed his fellow City employee violate the Plaintiff's constitutional rights.

71. Defendant City and/or Defendant MLGW are also liable under 42 U.S.C. § 198 for failing to supervise and train its police officers and/or utility employees. In addition, the City's failure to supervise and train its police officers and/or utility employees, and the City's and/or MLGW's willful blindness towards the constitutional violations of its employees, constitute gross negligence and/or deliberate and conscious indifference to citizens' rights, including the right to be free from constitutional violations under 42 U.S.C. § 1983 and 1988.

72. Additionally, municipalities may be held liable under 42 U.S.C. § 1983 for constitutional torts that are committed pursuant to a policy, procedure, practice, or custom of the municipality. Even if the City's and/or MLGW's practice of overlooking constitutional torts was not authorized by an officially adopted policy, the practice may be so common and well-settled that it fairly represents official policy. *See Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1997).

73. In the present case, the City's and/or MLGW's formal and informal actions reflect a policy, practice, custom and procedure authorizing and allowing constitutional rights violations.

Consequently, the City and MLGW are liable for harm caused to Plaintiff as a result of its policies, practices customs and procedures.

74. Defendant City and/or Defendant MLGW are liable for the constitutional torts of Defendant Officers and/or Defendant Cartwright because the City and/or MLGW sanctioned the following customs, practices, and policies:

    (A)    Using unreasonable and excessive force to carry out detentions and/or arrests;

    (B)    Arbitrarily using arrests when they are not necessary or permitted by law;

    (C)    Ignoring the serious need for training and supervision of its officers regarding its policies and procedures when conducting detentions and/or arrests;

    (D)    Failing to adequately supervise and/or observe its officers and employees;

    (E)    Failing to adequately train officers and/or employees regarding the availability of alternative means other than the use of arrests, force, or excessive force without probable cause;

    (F)    Failing to discharge officers and/or employees who have shown a pattern or practice of falsely arresting citizens;

    (G)    Failing to discharge officers and/or employees who have shown a pattern or practice of using excessive force; and

    (H)    Adopting a practice whereby officers and/or employees who are unfit for peace officer duties, as shown by prior actions in the line of duty, are allowed to retain their positions.

    (I)    Failing to adequately train officers and/or employees regarding when and how to provide prompt and appropriate treatment to citizens that are clearly in life-threatening distress;

    (J)    Failing to discharge officers and/or employees who have shown a pattern or practice of not provide prompt and appropriate treatment to citizens that are clearly in life-threatening distress;

75. At the time Defendant Officers arrested Plaintiff, they were acting pursuant to an official city policy, practice, custom and procedure overlooking and/or authorizing police officer's excessive use of force and unlawful arrests. *See Monell v. New York City Dept. of Social Servs.,*

436 U.S. 658, 659 (1978).

76. Thus, Defendant City's failure to supervise and train its police officers, and its willful blindness towards the constitutional violations of its employees was a direct cause of Plaintiff's injuries.

77. Thus, Defendant MLGW's failure to supervise and train its employees, and its willful blindness towards the constitutional violations of its employees was a direct cause of Plaintiff's injuries.

1. **<u>Failure to Train a Single Official</u>.**

78. Plaintiff realleges paragraphs 1 through 77 of this Complaint and incorporate them herein by reference.

79. A city may be held liable for its failure to train a single police officer when the policymakers know about the pattern of unconstitutional misconduct and the officer's acts were so egregious that the city should have had clear warning that the particular officer posed a danger to citizens. *See Pineda v. City of Houston*, 124 F. Supp. 2d 1057, 1068 (S.D. Tex. 2000).

80. With respect to Defendant Officers, the need for additional or different training was necessary considering the circumstance of this incident. Defendant City knew that Defendant Officers were likely to engage in other acts of wrongful conduct, yet Defendant City continuously failed to discipline, supervise, or train Defendant Officers.

81. Defendant City's acts and omissions, when viewed objectively, involved an extreme degree of risk considering the probability and magnitude of harm to citizens. Defendant City had actual, subjective awareness of the risks involved, but nevertheless preceded with conscious indifference to the rights, safety, or welfare of others, including Plaintiff.

82. Thus, in light of the substantial risks posed by Defendant Officers, Defendant City's

failure to train them constitutes gross negligence and/or deliberate and conscious indifference to the rights, safety, and welfare of others, including Plaintiff.

83. With respect to Defendant MLGW, the need for additional or different training was necessary considering the circumstance of this incident. Defendant MLGW knew that Defendant Cartwright were likely to engage in other acts of wrongful conduct, yet Defendant MLGW continuously failed to discipline, supervise, or train Defendant Cartwright.

84. Defendant MLGW's acts and omissions, when viewed objectively, involved an extreme degree of risk considering the probability and magnitude of harm to citizens. Defendant MLGW had actual, subjective awareness of the risks involved, but nevertheless preceded with conscious indifference to the rights, safety, or welfare of others, including Plaintiff.

85. Thus, in light of the substantial risks posed by Defendant Cartwright, Defendant MLGW's failure to train them constitutes gross negligence and/or deliberate and conscious indifference to the rights, safety, and welfare of others, including Plaintiff.

## VI. DAMAGES

86. Plaintiff realleges paragraphs 1 through 85 of this Complaint and incorporate them herein by reference.

87. In addition to the damages mentioned in the preceding paragraphs as a direct and proximate result of the intentional and unlawful conduct of Defendant Officers, Defendant City, Defendant MLGW and Defendant Cartwright, Plaintiff has suffered damages up to and including wrongful death.

88. In addition, Defendant Officers and Defendant Cartwright are liable for compensatory and exemplary damages arising from their negligence and gross negligence.

## VII. ATTORNEY'S FEES

89. Plaintiff realleges paragraphs 1 through 88 of this Complaint and incorporate them herein by reference.

90. Plaintiff is entitled to recover attorney's fees and costs as required by the Civil Rights Attorney's Fees Award Act of 1976. 49 U.S.C. § 1988. Plaintiff hereby requests that the Court and jury award her attorney's fees and expenses.

## VIII. JURY DEMAND

91. Plaintiff respectfully demands a jury trial pursuant to FED. R. CIV. P. 8(b).

## VIIII. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendants be cited to appear and answer herein, and that Plaintiff has judgment against Defendants, jointly and/or severally, for actual damages above the jurisdictional minimum of the Court; exemplary damages; pre-judgment interest; post-judgment interest, court costs, attorney's fees and expenses, and all other relief to which Plaintiff is justly entitled, at law or in equity.

Respectfully submitted this the 19th day of August 2021.

ATTORNEY FOR PLAINTIFF

**/s/ Juan T. Williams**
Juan T. Williams, TBPR No.: 27626

**PERRYGRIFFIN, P.C.**
5699 Getwell Road
Building G, Suite 5
Southaven, MS 38672
Tele: (662) 536-6868
Fax: (662) 536-6869
Email: JW@PerryGriffin.com