IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| ESTATE OF J.C. PAYNE, IV, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 21-cv-2539 |
| | ) | |
| CITY OF MEMPHIS, TENNESSEE, | ) | |
| EARNEST CARTWRIGHT, SR., | ) | |
| MEMPHISLIGHT GAS & WATER AKA | ) | |
| MLGW, AND | ) | |
| JOHN DOE POLICE OFFICERS 1-10, | ) | |
| | ) | |
|     Defendants. | ) | |
| | ) | |
| | ) | |
| SUSAN SIMS, AS NATURAL | ) | |
| MOTHER,NEXT FRIEND, NEXT OF | ) | |
| KIN AND ON BEHALF OF | ) | |
| J.C.PAYNE, V, A MINOR AND | ) | |
| JAYDEN PAYNE, A MINOR AND | ) | |
| JAYDA PAYNE, A MINOR, AS | ) | No. 21-cv-2597 |
| MINOR CHILDREN AND STATUTORY | ) | |
| WRONGFUL DEATH BENEFICIARIES | ) | |
| OF J.C. PAYNE, IV,DECEASED, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF MEMPHIS, TENNESSEE, | ) | |
| JOHN DOE AND/OR JANE DOE | ) | |
| MEMPHIS POLICE OFFICER(S) AND | ) | |
| MEMPHIS LIGHT GAS & WATER AND | ) | |
| EARNEST CARTWRIGHT, SR., | ) | |
| | ) | |
|     Defendants. | ) | |

**ORDER**

This is a wrongful death case. Both the Estate of J.C. Payne, IV (the "Estate") and Susan Sims have brought suit. The Court consolidated the cases and asked both parties to file motions and memoranda to determine the proper plaintiff. For the following reasons, Sims' Motion to Dismiss is GRANTED. The Estate's Motion to Dismiss is DENIED. The Estate's Complaint is DISMISSED. Sims' Complaint is the operative Complaint.

**I.  Background**

J.C. Payne, IV died after an altercation with a Memphis Light, Gas and Water employee and Memphis Police Officers. On August 19, 2021, the Estate filed a wrongful death action pursuant to 42 U.S.C. § 1983. (ECF No. 1 21-cv-2539.) U-Landa B. Shaw, J.C. Payne, IV's mother, is administratrix of the Estate. (ECF No. 24-3 21-cv-2539.) On September 23, 2021, Susan Sims, mother and guardian of J.C. Payne, IV's three minor children, brought a wrongful death action under § 1983 on the children's behalf. (ECF No. 1. 21-cv-2597.)

On October 29, 2021, the Court consolidated the two cases, with 21-cv-2539 the surviving case. (ECF No. 31.) The Court ordered the Estate and Sims to file motions and memoranda to identify the correct plaintiff. (Id.) On December 1, 2021, the Estate filed a Motion to Dismiss Sims' Complaint. (ECF No. 32 21-cv-2539.) On December 7, 2021, Sims filed a Motion to Dismiss the Estate's Complaint. (ECF No. 25 21-cv-2597.) The Court

2

construes the Plaintiffs' Motions to Dismiss as Motions to Identify the Proper Plaintiff.

## II. Analysis

Both plaintiffs bring suit under 42 U.S.C. § 1983. Section 1983 is silent about the proper plaintiff in a wrongful death action. Forty-two U.S.C. § 1988(a) provides that, if § 1983 is

> deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause

42 U.S.C. § 1988.

It is undisputed that Tennessee's wrongful death statute is applicable here.

In Tennessee:

> The right of action that a person who dies from injuries received from another, or whose death is caused by the wrongful act, omission, or killing by another, would have had against the wrongdoer, in case death had not ensued, shall not abate or be extinguished by the person's death but shall pass to the person's surviving spouse and, in case there is no surviving spouse, to the person's children or next of kin; to the person's personal representative, for the benefit of the person's surviving spouse or next of kin; to the person's natural parents or parent or next of kin if at the time of death decedent was in the custody of the natural parents or parent and had not been legally surrendered or abandoned by them pursuant to any court order removing such person from the custody of such parents or parent; or otherwise to the person's legally adoptive parents or parent, or to the

3

> administrator for the use and benefit of the adoptive parents or parent; the funds recovered in either case to be free from the claims of creditors.

T.C.A. § 20-5-16.

The Tennessee Supreme Court has interpreted § 20-5-16 to mean an adult beneficiary has priority over an administratrix in prosecuting the beneficiary's case. Busby v. Massey, 686 S.W.2d 60, 62 (Tenn. 1984). J.C. Payne, IV has no surviving spouse. Sims is not an adult beneficiary. She brings suit on behalf of J.C. Payne IV's three minor children. Generally, as between an administratrix and a guardian bringing suit on behalf of a minor beneficiary, the first to file is the proper plaintiff. Id. at 64-65; see also Lawson v. Yes Express, Inc., 2015 12953184, at *5 (E.D. Tenn. Sept. 22, 2015) (explaining that Busby created race to courthouse between general guardian and administratrix).

Here, the Estate filed first. However, the Estate did not bring suit on behalf of J.C. Payne, IV's children, but on behalf of the Estate. J.C. Payne, IV is the only natural person listed in the caption. The Estate seeks damages for J.C. Payne, IV's injuries, but not damages accruing to his beneficiaries. The Estate does not purport to bring suit for the benefit of the minor beneficiaries. By contrast, Sims brings suit for the benefit of J.C. Payne, IV's children and seeks damages on their behalf.

A wrongful death suit for the benefit of a decedent's estate cannot be brought under Tennessee law.  T.C.A. § 20-5-16; see Beard v. Branson, 528 S.W.3d 487, 498 (Tenn. 2017) ("The personal representative may institute the wrongful death action, but he does so for the benefit of the spouse and/or the other statutory beneficiaries, not the decedent's estate.")

Because the Estate's action is not brought for the benefit of the decedent's children, Sims is both the first to file and the proper plaintiff given Beard v. Branson.

**III. Conclusion**

For the foregoing reasons, the Court finds that Sims is the proper plaintiff.  Sims' Motion to Dismiss is GRANTED.  The Estate's Motion to Dismiss is DENIED.  The Estate's Complaint is DISMISSED.  Sims' Complaint is the operative Complaint.

So ordered this 13th day of May, 2022.

                                      */s/ Samuel H. Mays, Jr.*
                                      SAMUEL H. MAYS, JR.
                                      UNITED STATES DISTRICT JUDGE