IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SUSAN SIMS, AS NATURAL MOTHER, NEXT FRIEND, NEXT OF KIN AND ON BEHALF OF J.C. PAYNE V, A MINOR, AND JAYDEN PAYNE, A MINOR, AS MINOR CHILDREN AND STATUTORY WRONGFUL DEATH BENEFICIARIES OF J.C. PAYNE, IV, DECEASED,<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF MEMPHIS, TENNESSEE, AND KENDALL OLIVER, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY, AND TEDTRION WOODS IN HIS OFFICIAL AND INDIVIDUAL CAPACITY, AND MEMPHIS LIGHT GAS & WATER AND EARNEST CARTWRIGHT, SR., IN HIS OFFICIAL AND INDIVIDUAL CAPACITY,<br><br>        Defendants. | No. 21-cv-2539-SHM-atc |

**ORDER GRANTING SECOND MOTION TO DISMISS**

        Plaintiff Susan Sims brings claims against Defendant Memphis Light Gas & Water ("MLGW") under the Tennessee Governmental Tort Liability Act ("TGLTA"), Tenn. Code Ann. § 29-20-201, and 42 U.S.C. § 1983. Before the Court are MLGW's Motion to Dismiss (ECF No. 48), Corrected Motion to Dismiss (ECF No. 49), and Second Motion to Dismiss for Failure to State a Claim.

(ECF No. 67.) For the following reasons, the Motion to Dismiss and Corrected Motion to Dismiss are **DENIED** as moot and the Second Motion to Dismiss is **GRANTED**. Plaintiff Susan Sims' claims against MLGW are **DISMISSED**.

## I.   Background

On September 23, 2020, J.C. Payne, IV ("Payne, IV") was severely beaten. (ECF No. 65 at ¶ 15.) He was taken to the hospital where he died from his injuries. (Id. at ¶ 31.) His death was ruled a homicide resulting from blunt head trauma complicated by probable suffocation.[1] (Id. at ¶ 32.)

On August 19, 2021, Sims, as natural mother, next friend and next of kin and on behalf of J.C. Payne, V, a minor, and on behalf of Jayden Payne and Jayda Payne, minors and statutory wrongful death beneficiaries of J.C. Payne, IV, deceased, filed her Complaint against the City of Memphis, Tennessee, Earnest Cartwright, Sr. ("Cartwright"), John Doe Police Officers (later identified as Officer Kendall Oliver and Officer Tedtrion Woods) and MLGW. (ECF No. 1.) On July 1, 2022, MLGW filed a Motion to Dismiss and Corrected Motion to Dismiss. (ECF Nos. 48, 49.) Sims filed an amended complaint on October 11, 2022. (ECF No. 65.)

---

[1] Sims claims that Defendants Kendall Oliver and Tedtrion Woods contributed to Payne, IV's death by placing him on his stomach while he was unconscious and failing to provide medical care. Because Oliver and Woods' actions are not relevant to MLGW's Motion, Sims' allegations about their conduct are omitted.

MLGW filed a Second Motion to Dismiss on October 25, 2022, in response to the Amended Complaint. (ECF No. 67.) Sims responded on January 13, 2023. (ECF Nos. 79, 80.)

Sims alleges that Cartwright hit Payne, IV with a radio and several hard objects after Cartwright found Payne, IV sitting in Cartwright's truck. (ECF No. 65 at ¶ 16.) Sims alleges Tennessee-law claims against Cartwright for assault and battery, (Id. at ¶ 23), excessive force, (Id. at ¶ 24), and gross negligence, or, in the alternative, intentional negligence. (Id. at ¶¶ 25, 26.)

Sims claims MLGW is responsible for Cartwright's negligence and actions because Cartwright was at all times acting within the scope of his employment and acted under color of state law when he hit Payne, IV and failed to provide him with medical treatment. (Id. at ¶ 49.) Alternatively, Sims claims MLGW is responsible for Cartwright's intentional torts because MLGW was negligent in training Cartwright. (Id. at ¶ 51.)

Sims alleges that all Defendants violated the Fourth Amendment by unlawfully seizing Payne, IV and the Eight and Fourteenth Amendments by failing to provide medical care and using excessive force. (Id. at ¶ 52.) Sims specifically alleges that MLGW is liable for those violations because they resulted from inadequate training and MLGW's customs, policies, and practices. (Id. at ¶¶ 56, 60.)

## II.  Jurisdiction

District courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. 18 U.S.C. § 1331. Sims brings claims under 42 U.S.C. § 1983. District courts have supplemental jurisdiction over all claims that are so related to the claims over which they have original jurisdiction that the claims form part of the same case or controversy. 28 U.S.C. § 1367. Sims' Tennessee-law claims arise from the same set of facts as her § 1983 claims. The Court has jurisdiction over all of Sims' claims.

## III. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When evaluating a motion to dismiss for failure to state a claim, a court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A court must construe the complaint in the light most favorable to the plaintiff and draw all reasonable inferences in her favor. Golf Vill. N., LLC v. City of Powell, 14 F.4th 611, 617 (6th Cir. 2021) (citing Cahoo v. SAS Analytics, Inc., 912 F.3d 887, 897 (6th Cir. 2019)).

If a court decides, in light of its judicial experience and common sense, that the claim is not plausible, the case may be dismissed at the pleading stage. Iqbal, 556 U.S. at 679. The "[f]actual allegations must be enough to raise a right to relief above the speculative level." Ass'n Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Although detailed factual allegations are not required, the plaintiff must provide more than "labels and conclusions, and a formulaic recitation of the elements of the cause of action." Twombly, 550 U.S. at 555.

## IV.  Analysis

### A. First Motion to Dismiss

Filing an amended complaint typically moots a pending motion to dismiss. Crawford v. Tilley, 15 F.4th 752, 759 (6th Cir. 2021). Sims has filed an amended complaint. MLGW's First Motion to Dismiss and the corrected version of that motion are **DENIED** as moot.

### B. Tennessee Governmental Tort Liability Act

The TGTLA provides immunity for governmental entities except as otherwise provided in the statute. Tenn. Code Ann. §

5

29-20-201. The statute applies to MLGW, which is a public utility owned by the City of Memphis. See Nationwide Mut. Fire Ins. Co. v. Memphis, Light, Gas & Water, 578 S.W.3d 26 (Tenn. Ct. App. 2018). Immunity is generally removed for injuries caused by the negligence of an employee acting within the scope of his employment. Tenn. Code Ann. § 29-20-205. There are exceptions. Immunity is not removed if the injury arises from a civil rights violation. Id. at § 29-20-205(2). The civil rights exception applies to civil rights claims and claims arising from the same circumstances that give rise to the civil rights claims. Johnson v. City of Memphis, 617 F.3d 864, 872 (6th Cir. 2010).

The facts that support Sims' negligence claims (Cartwright's striking Payne, IV and Cartwright's failing to provide Payne, IV with medical care) support Sims' § 1983 claims. Because Sims' Tennessee-law claims arise from the same circumstances as her civil rights claims, the civil rights exception precludes all of Sims' claims brought under the TGTLA.

## C. 42 U.S.C. § 1983

Sims cannot recover under 42 U.S.C. § 1983. A municipal defendant cannot be liable under § 1983 based solely on a theory of *respondeat superior*. Monell v. Dept. of Soc. Servs. of New York, 436 U.S. 658, 692 (1978). MLGW is a municipal defendant. E.g., Goza v. Memphis Light, Gas & Water Div., 398 F.Supp.3d 303 (W.D. Tenn. 2019). The injuries Sims alleges must result from

execution of the municipality's policy or custom. <u>Monell</u>, 436 U.S. at 694. A plaintiff can survive a motion to dismiss a § 1983 claim by showing 1) the existence of an illegal official policy, 2) that an official with final decision-making authority ratified the illegal actions, 3) the existence of a policy of inadequate training, or 4) the existence of a custom of tolerance or acquiescence of federal rights violations. <u>Direct Construction Services, LLC v. City of Detroit, Mich.</u>, 820 F. App'x 417, 426 (6th Cir. 2020).

Sims' Amended Complaint does not rely on an official policy, ratification by an official with final decision-making authority, or a custom of tolerance of federal rights violations. Sims claims that Payne, IV's injuries resulted from inadequate training, but her Amended Complaint makes only conclusory allegations about inadequate training. Section 1983 liability on a failure-to-train theory requires, among other things, a showing of deliberate indifference. Sims has not alleged indifference to prior instances of constitutional violations or failure to train for recurring situations presenting an obvious risk of those violations. <u>See</u> <u>Harvey v. Campbell County, Tenn.</u>, 453 F. App'x 557, 562 (6th Cir. 2011).

Sims argues that "'a bare allegation that the individual officer's conduct conformed to official policy, custom or practice' is sufficient to allege that a policy existed." (ECF

No. 80 at 2-3 (citing Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 165 (1993)).) As Sims notes, the Supreme Court is quoting a Ninth Circuit opinion. The Supreme Court's statement explains a circuit split. It does not adopt the Ninth Circuit's statement. Leatherman, 507 U.S. at 165. That statement is not controlling or persuasive here.

Leatherman did reject the use of a heightened pleading standard. Id. Some courts have interpreted the liberal pleading standard Leatherman endorsed to require only that a plaintiff allege the existence of an official policy or policy of inaction. E.g., Alexander v. Beale St. Blues Co., Inc., 108 F.Supp.2d 934, 949 (W.D. Tenn. 1999). However, more recently, courts have rejected the Alexander interpretation because Leatherman was decided before the stricter pleading requirements announced in Iqbal and Twombly. Teare v. Independence Local School Dist. Bd. of Educ., No. 1:10-cv-01711, 2011 WL 4633105, at *8 (N.D. Ohio Aug. 18, 2011)(citing Iqbal, 556 U.S. at 678; Twombly, 550 U.S at 570). The Sixth Circuit has upheld dismissal where the plaintiff alleged only the existence of an official custom or policy. Boddy v. City of Memphis, Tennessee, No. 22-5259, 2022 WL 12258977 (6th Cir. Oct. 21, 2022)(specifically noting that requiring allegations beyond the existence of the policy did not amount to a heightened pleading standard).

Because Sims does not allege facts sufficient to establish an official policy or custom, she has failed to state a claim under 42 U.S.C. § 1983.

Sims' claims under the TGTLA and § 1983 are not well taken. All of her claims against MLGW are **DISMISSED**.

**V.   Conclusion**

For the foregoing reasons, the Motion to Dismiss and Corrected Motion to Dismiss are **DENIED** as moot. The Second Motion to Dismiss is **GRANTED**. Sims' claims against MLGW are **DISMISSED**.

So ordered this 24th day of March, 2023.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE